FILED

2012 Nov-05  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WALTER HICKS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:12-cv-08004-AKK-JEO** |
| **THE UNITED STATES OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Walter Hicks ("Petitioner"), a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Doc. 1. Petitioner was convicted in this court on April 21, 2011, pursuant to his plea of guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). 2:11-cr-00070-AKK-JEO doc. 21. On July 25, 2011, the court sentenced Petitioner to a term of imprisonment for thirty months and a $100.00 special assessment fee, followed by a three year term of supervised release. 2:11-cr-00070-AKK-JEO doc. 22 at 11. Petitioner did not file a direct appeal but, instead, alleges ineffective assistance of counsel at his sentencing hearing and requests that the court reduce the sentence or consider home detention. Doc. 1.

For the reasons stated below, the court **DENIES** Petitioner's § 2255 motion.

## I.  STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).  In order to obtain relief under § 2255, a petitioner must (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h); Rule 9, § 2255 Rules, (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Georgia*, 451 Fed.  App'x. 856 (11th Cir. 2012), (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f), (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994), and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746.

A hearing may be necessary to resolve claims raised in a petitioner's § 2255

motion.  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II.  ANALYSIS

Petitioner asserts that the court should set aside his sentence because his attorney stated during the sentencing hearing that Petitioner possessed the gun in question because "someone was ste[a]ling [Petitioner's] tools."  Doc. 1 at 3. Petitioner claims he instead informed his attorney that "someone tried to murder [him] and [he] was in fear for [his] life." *Id.*  Petitioner further asserts that by making this false statement, his attorney "made [him] look like a bad person and that [he] would hurt someone over some tools." *Id.*  According to Petitioner, counsel's performance was constitutionally deficient because counsel "willfully made falsified statements at his own accord and in the process presented Petitioner in a negative light causing Petitioner to receive a greater sentence."  Doc. 8 at 2. Allegedly, "[h]ad counsel investigated the details of the truth, he would have had enough information to support a downward departure pursuant to U.S.S.G. §

3

5k2.12." *Id.* at 3.

Although "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the court need not determine whether counsel's performance was deficient in this case because Petitioner has made an insufficient showing of prejudice. *See Sauders v. U.S.*, 278 Fed. App'x. 976, 978 (11th Cir. 2008)(citing *Strickland*, 466 U.S. at 697). To prove prejudice, "[t]he [petitioner] must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner cannot make this showing because, despite his assertions to the contrary, the court actually had knowledge of the fact that an attempt had been made on Petitioner's life prior to his arrest for possessing a firearm. *See* Presentence Investigation Report at 11. Notwithstanding that fact, the court found "no reason to depart from the sentence called for by the application of the guidelines inasmuch as the facts in this case as found are the kind contemplated by the Sentencing Commission." Case 2:11-cr-00070-AKK-JEO doc. 22 at 10. Moreover, although "when sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence[,]" *U.S. v. Rodriguez*, 280 F. App'x. 920, 921 (11th Cir. 2008), the

court detailed that it considered factors from 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of this Defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for this offense; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the Defendant; and finally, the need to provide this Defendant with needed education and vocational training." *Id*. at 11.  In short, by finding that the guideline range is the appropriate sentence for Petitioner, the court implicitly declined a downward departure.  *See U.S. v. Dominquez-Chacon*, 254 Fed. App'x. 786, 790 (11th Cir. 2007).

The court concludes that Petitioner's petition is without merit because the court, in fact, considered all the relevant circumstances and factors in determining the appropriate sentence for Petitioner, including the information Petitioner provided about an attempt on his life.  In other words, Petitioner has failed to otherwise show that the court would have sentenced him differently but for his attorney's alleged deficiencies.  Given Petitioner's failure to demonstrate prejudice stemming from his attorney's alleged deficiencies, the court finds that Petitioner's sentence is not due to be set aside because of ineffective assistance of counsel. Ultimately, while Petitioner obviously disagrees with the court's sentence, the

5

court reviewed all the relevant facts, listened to the arguments Petitioner and his

counsel made on Petitioner's behalf, and concluded that a sentence of thirty

months was not greater than necessary to comply with the statutory purposes of

sentencing.  *See* 18 U.S.C. § 3553(a).

### III.  CONCLUSION

Petitioner has failed to allege facts that, if true, would constitute ineffective

assistance of counsel at his sentencing hearing and entitle him to relief under §

2255.  *See Schriro*, 550 U.S. at 474.  Therefore, Petitioner's request for an

evidentiary hearing and the motion to set aside Petitioner's sentence are **DENIED**.

**DONE** this 5th day of November, 2012.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE